**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Heatherly, | No. CV-21-01613-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Town of Miami, et al., | |
| Defendants. | |

Before the Court is the Town of Miami ("Town") and Samantha and Derrick Steeles' ("Steele") (collectively "Defendants") 12(b)(6) Motion to Dismiss First Amended Complaint. (Doc. 9.)  The Defendants move to dismiss all state law claims for the Plaintiff's failure to comply with Arizona's notice-of-claim statute A.R.S. § 12-8201.01.  They move to dismiss Plaintiff's § 1983 claim arguing that there is no property or liberty interest.   For the following reasons, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

Mr. Joseph Heatherly served as Town Manager for the Town of Miami, Arizona, from August 2014 to September 2020.  On June 15, 2017, he signed a five-year contract with the Town, which guaranteed his employment through June 30, 2022.  (Doc. 7 at 4.)  Section 2.1 of this contract, however, stated that the Town could terminate Heatherly's employment "at any time, with or without cause" pursuant to the Town Code and other

relevant portions of the agreement. (Doc. 7 at 22.) It guaranteed various benefits, including an annual salary of $92,000. (Doc. 7 at 23.)

On August 23, 2020, the Town Finance Director, Ms. Samantha Steele, filed a personnel complaint against Heatherly. Steele's complaint alleged, among other things, that Heatherly made her uncomfortable on multiple occasions and touched her inappropriately. Heatherly asserts that Steele's complaint was false and, more specifically, that she filed it in retaliation for a letter that outlined her "significant performance and attendance deficiencies." (Doc. 7 at 5.)

Steele's complaint was later investigated by an employment attorney hired by the Town. On September 25, 2020, Heatherly received an email notice that explained the Town Council would hold an open session three days later that would include "discussion or consideration of employment, assignment, demotion, or dismissal or discipline of the Town Manager." (Doc. 7 at 6.) The Town Mayor, Sammy Gonzales, also called Heatherly that day and told him about the meeting. Heatherly objected to the meeting's date because he was out of the country and requested documentation explaining why the Council was considering terminating his employment. The Mayor did not postpone the meeting and declined to provide Heatherly with any documentation explaining the claims against him.[1] Ultimately, the Town Council voted to remove Heatherly from his position as Town Manager at the open session. (Doc. 7 at 7.)

On February 8, 2021, Heatherly sent notice-of-claim letters to the Town and Steele with the subject line "RE: Notice of Claim Pursuant to A.R.S. § 12-821.01." (Doc. 9-1 at 16.) These letters and his complaint contain one federal claim under 42 U.S.C. § 1983 and state-law claims for breach of contract, contractual interference, defamation, defamation per se, unjust enrichment, and violations of the covenant of good faith and fair dealing.

/ / /

---

[1] The meeting minutes state that "Town Manager Heatherly requested this be in open session." (Doc. 7 at 32.) Additionally, Heatherly knew of the ongoing investigation into Steele's complaint and participated in interviews conducted as part of the investigation.

**DISCUSSION**

**I.   Analysis**

    **A.  A.R.S. § 12-821.01.**

Under Arizona law, "[p]ersons who have claims against a public entity . . . or a public employee" must file a notice of claim "contain[ing] a specific amount for which the claim can be settled."  A.R.S. § 12-821.01(A); *see also Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1271 (9th Cir. 2022).[2] A claim that does not contain a specific amount for which it can be settled "is barred and no action may be maintained thereon."  *Ellis*, 24 F.4th at 1268 (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293 (2007)).   The notice-of-claim statute is substantive and, therefore, applicable to the state-law claims in this case.  *See id*. at 1270 (quoting *Felder v. Casey*, 487 U.S. 131, 151 (1988)) ("federal courts entertaining state-law claims against [state] municipalities are obligated to apply [] notice-of-claim provision[s]").

Plaintiff attempted to comply with the notice-of-claim statute in his February 8, 2021, letters to Steele and the Town.  However, Plaintiff's letters do not affirmatively state amounts for which he would settle his claims.  Instead, the letters say that if Steele and the Town "do[] not settle [Heatherly's] claim within 60 days, the claim is deemed denied, and [he] may sue immediately" and list damages that Heatherly believes he is entitled to because of his termination—specifically, $141,532, including $92,000 in lost wages, $39,532 in lost retirement benefits, and $10,000 in attorneys' fees. (Doc. 9-1 at 21.) Heatherly did not connect these damages to any of his claims and never said the Town or Steele would be released from liability if they chose to settle for the listed damages.[3]

_____

[2] State law claims against public employees that arise from actions taken within the scope of their employment are barred by the notice-of-claim statute even if the employee is sued in their individual capacity.  *See Arizona Yage Assembly v. Garland*, No. CV-20-02373-PHX-ROS, 2022 WL 951072, at *12 (D. Ariz. Mar. 30, 2022); Spears v. Arizona Bd. of Regents, 372 F. Supp. 3d 893, 920–21 (D. Ariz. 2019); *Jones-Esposito v. Bishop*, No. 1 CA-CV 20-0434, 2021 WL 2461861, at *1 (Ariz. Ct. App. June 17, 2021); *Villasenor v. Evans*, 241 Ariz. 300, 301 (Ct. App. 2016). Thus, the notice-of-claim statute applies to all of Heatherly's claims against Steele and the Town.

[3] In his complaint, Plaintiff states that he is entitled to "damages in the sum of one year of [his] annual base salary," attorneys' fees, and compensation for "a loss in retirement benefits" for his breach of contract claim, i.e., the alleged damages listed in his notices of

Courts have held that notice of claims that state "definite and exact amount[s]" (and even "approximate terms") can satisfy A.R.S. § 12-821.01's "sum-certain" requirement. *Yollin v. City of Glendale*, 219 Ariz. 24, 29 (Ct. App. 2008) (quotations omitted). As Plaintiff notes in his reply, $142,532 is a definite and exact amount. *See Yollin*, 219 Ariz. at 29 (noting that $150,000 is a valid sum certain). Yet, as mentioned above, Plaintiff's notices of claim fail to expressly state the amount for which Plaintiff will release the Defendants from any liability. Instead, they "suggest mediation to attempt a swift, just result in this case without the need to resort to additional investigative or legal proceedings." (Doc. 9-1 at 16.) Or, put differently, the notices demonstrate "no intent to be bound" but, rather, invite the Town to bargain. *Yahweh v. City of Phx.*, 243 Ariz. 21, 23 (Ct. App. 2017). Therefore, neither the Town nor Steele could "realistically consider" the claims against them. *See Deer Valley*, 214 Ariz. at 296; *see also Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 (Ct. App. 2007); *Martineau v. Maricopa Cnty.*, 207 Ariz. 332, 335–36 (Ct. App. 2004).

Accordingly, Heatherly's February letters fail to satisfy A.R.S. § 12-821.01, and the motion to dismiss his state-law claims is **GRANTED.**

## B.  42 U.S.C § 1983

To bring a claim under § 1983, Plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A cause of action under § 1983 extends to deprivations of such privileges and immunities as are secured by the due process clause of the Fourteenth Amendment. *Hague v. Com. for Indus. Org.*, 307 U.S. 496, 519 (1939). Specifically, procedural due process protects constitutionally protected liberty or property rights from improper government decision-making. *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976); *Dash, Inc. v. Alcoholic Beverage Control Apps. Bd.*, 683 F.2d 1229, 1233 (9th Cir. 1982). In

---

claim. (Doc. 7 at 13.) However, Plaintiff requests additional, distinct damages for his contractual interference, defamation, defamation per se, and equitable claims. (Doc. 7 at 9–10, 13–19.) Thus, his notices of claim do not plausibly state certain sums for which he might settle these claims.

1    analyzing procedural due process, a court must determine whether there are protected

2    liberty or property interests, and, if so, what procedures are required.  *Eldridge*, 424 U.S.

3    at 332.  Here, the Court does not need to consider what procedures are due because

4    Heatherly presents no valid property or liberty interests.

5                                    **1.  Property Interest**

6             The threshold issue is whether Plaintiff has a constitutionally protected property

7    interest.  *See Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008) ("To establish

8    a due process violation, a plaintiff must show that he has a protected property interest under

9    the Due Process Clause and that he was deprived of the property without receiving the

10   process that he was constitutionally due.").  Plaintiff contends that he has a property interest

11   in his employment or, in the alternative, his severance.  Specifically, Heatherly alleges that

12   his interest in his employment is evidenced by the "for cause" nature of his five-year

13   employment contract.  (Doc. 7 at 10.)  For its part, the Town notes that Heatherly could be

14   fired without cause and emphasizes the "at-will" nature of his employment and the Town

15   Code, which states that the Town Manager served "at the pleasure" of the Town Council.

16   Town of Miami Code § 2.12.080.  According to the Town, these two features together gave

17   the Council unilateral, final authority to remove Heatherly from his position, and, therefore,

18   he was not entitled to an expectation of due process.

19                                      **a.  Employment**

20            "An employee has a constitutionally protected property interest in continued

21   employment if he has a reasonable expectation or a legitimate claim of entitlement to it."

22   *Matthews v. Oregon State Bd. of Higher Educ.*, 220 F.3d 1165, 1168 (9th Cir. 2000).  A

23   legitimate claim of entitlement arises if the property or liberty interest is created by state

24   law, such as a statute that limits grounds for termination.  *See id*; *see also Noriega v.*

25   *Arizona*, No. CV-16-01015-PHX-JJT, 2016 WL 3418939, at *3 (D. Ariz. June 22, 2016);

26   *but see Dobbertin v. Town of Patagonia*, No. CV 12-744-TUC-CRP, 2014 WL 1410440,

27   at *10 (D. Ariz. Apr. 11, 2014) (citing *Cleveland Board of Educ. v. Loudermill*, 470 U.S.

28   532, 540–41 (1985) (noting that "the type of process due is a question of federal law.").

Under Arizona state law, a contract providing for a set term of employment creates a "property interest which cannot be extinguished without conforming to the dictates of procedural due process." *See* A.R.S. § 23-1501 ("[t]he employment relationship is severable at the pleasure of either the employee or the employer unless . . . [there is] a written contract to the contrary"); *Peacock v. Bd. of Regents of Univ. & State Coll. of Arizona*, 380 F. Supp. 1081, 1086–87 (D. Ariz. 1974), *aff'd*, 510 F.2d 1324 (9th Cir. 1975). Still, employment is typically considered a constitutionally protected property interest where employment contracts or specific statutes state that government employees can only be fired "for cause." *See, e.g.*, *Dobbertin v. Town of Patagonia*, No. CV 12-744-TUC-CRP, 2014 WL 1410440, at *10 (D. Ariz. Apr. 11, 2014); *Noriega v. Arizona*, No. CV-16-01015-PHX-JJT, 2016 WL 3418939, at *3 (D. Ariz. June 22, 2016) (quoting A.R.S. § 36-205 for the proposition that superintendents should only be fired for cause); *Hafez v. Bd. of Regents*, No. CV-04-327-TUC-DCB, 2006 WL 8441129, at *3 (D. Ariz. Feb. 16, 2006). Heatherly's contract with the Town stated that he could be fired "with or *without cause*." (Doc. 7 at 22) (emphasis added). And, as Defendants note, the Town Code says that "[t]he Town Manager . . . may be removed with *or without cause*." Town of Miami Code § 2.12.080 (emphasis added). Therefore, the Court finds that Heatherly does not have a constitutionally protected property interest in his employment because he expressly entered an employment arrangement in which he could be terminated "without cause."

### b. Severance

Alternatively, Heatherly alleges that he has a protected property interest in his severance. To have a property interest in a benefit (like severance), a person clearly must have "more than an abstract need or desire for it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id*. The Supreme Court has recognized valid property interests in monetary benefits that accompany employment, including garnished wages and welfare benefits. *Sniadach v. Fam. Fin. Corp. of Bay View*, 395 U.S. 337, 340 (1969); *see generally Goldberg v. Kelly*,

397 U.S. 254 (1970).  However, the Ninth Circuit has found that a public employee's employment contract did not create a constitutionally protected interest in his severance. *Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751, 753 (9th Cir. 2019).[4]

Other courts concur.  *See, e.g.*, *Cage v. Harper*, 42 F.4th 734 (7th Cir. 2022); *Borde v. Bd. of Cnty. Comm'rs of Luna Cnty.*, N.M., 514 F. App'x 795, 808 (10th Cir. 2013); *Barth v. Palo Verde Health Care District*, No. EDCV1301247, 2013 WL 12169350 (C.D. Cal. Dec. 6, 2013.  Effectively, some courts have found that plaintiffs' claims were more appropriately characterized as claims for breach of contract, rather than deprivations of constitutional due process.  *Barth v. Palo Verde Health Care Dist.*, No. EDCV1301247, 2013 WL 12169350, at *11 (C.D. Cal. Dec. 6, 2013) ("[N]onpayment of several months of claimed salary is the alleged deprivation of a finite interest that can be adequately addressed by a breach of contract claim."); *see also Cage*, 42 F.4th at 738 (holding that a § 1983 action in which severance was claimed as a property interest was governed by state contract law).  Others have noted that "at-will" employment prevents employees from enjoying protected property interests in the "attendant benefits" of employment, like severance.  *Borde*, N.M., 514 F. App'x at 808.  Under either approach, Heatherly cannot bring his failed contract claim as a constitutional claim instead.

Accordingly, Plaintiff has no valid property interest in either his employment or severance.

### 2.  Liberty Interest

Nevertheless, Heatherly insists that his interest in liberty is implicated because the Town allegedly impaired his reputation for honesty or morality by publicly posting its intention "[t]o recess the regular meeting and hold an executive session pursuant to A.R.S. § 38-431.03(A)(1) for discussion or consideration of employment, assignment, demotion, dismissal, or discipline of the Town Manager."  (Doc. 7 at 11, 32.)  Generally, "[c]harges that carry the stigma of moral turpitude' such as dishonesty or immorality 'may implicate

---

[4] The Ninth Circuit noted that plaintiff's claims were better characterized as a contract action because he made no assertion that his termination suffered from any procedural inadequacy.  *Klune*, 761 F. App'x at 753.  Heatherly, like the plaintiffs in the cases cited below, does allege procedural inadequacy in his complaint.  (Doc. 7 at 10–11.)

a liberty interest.'" *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 907 (9th Cir. 1993). And "when the government dismisses an individual for reasons that might seriously damage his standing in the community, he is entitled to notice and a hearing to clear his name." *Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981) (quoting *Roth*, 408 U.S. at 573 & n.12.).  However, "serious damage" is a high standard. To infringe on a plaintiff's liberty interests, "the reasons for dismissal must be sufficiently serious to stigmatize or otherwise burden the individual so that he is not able to take advantage of other employment opportunities." *Portman*, 995 F.2d at 907.

Here, Heatherly alleges that "(1) the accuracy of the charges are contested; (2) there was some public disclosure of the charges; and (3) the charges are made in connection with termination of employment." (Doc. 7 at 11.)  He supports this by saying he "contested the claims, there was public disclosure, and he was terminated as a result of the charges," which he says resulted in lost income, reputational harm, and emotional distress.  (Doc. 7 at 11-12.)  Although Heatherly may not be able prove a deprivation of his alleged liberty interest on a motion for summary judgment, at this stage, the Court finds he has pled more than mere "labels or conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Therefore, Defendant's motion to dismiss Plaintiff's § 1983 claims is **GRANTED** as to Plaintiff's alleged property interests and **DENIED** as to Plaintiff's alleged liberty interest.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** with respect to Plaintiff's state law claims, i.e., Counts Two, Three, Four, Five, and Six.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 9) as to Plaintiff's 42 U.S.C. § 1983 claim (Count One), is **GRANTED** as to the alleged property

interests and **DENIED** with respect to Plaintiff's alleged liberty interest.

Dated this 29th day of September, 2022.

.

G. Murray Snow
Chief United States District Judge